**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 4, 2010

Charles R. Fulbruge III
Clerk

No. 09-10220
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CORY MITCHELL,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:08-CR-147-1

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Cory Mitchell appeals the 170-month sentence imposed following his guilty plea conviction of conspiracy to distribute 50 grams or more of methamphetamine. Mitchell argues that the district court erroneously calculated his base offense level. He argues that the district court's use of the definition of "offense" provided by U.S.S.G. § 1B1.1, comment. (n.1(H)) was erroneous and resulted in an artificially high guidelines range. He posits that "offense" refers to the "offense of conviction," and argues that, as such, it

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

restricts a sentencing court's calculation of the base offense level to consideration of only the specific conduct, or admitted facts, underlying the conviction.

To the extent that Mitchell is arguing that the district court's sentencing discretion was curtailed by the factual stipulation he entered, he is incorrect. The Guidelines specifically provide that a district court is not bound by the factual stipulations made by the parties, "but may with the aid of the presentence report, determine the facts relevant to sentencing."[1] This remains true even though the Guidelines are now advisory.[2]

To the extent that Mitchell is arguing that the district is prohibited from using other offense conduct to determine his base offense level, his argument is likewise unavailing. "The guidelines provide that, in determining the amount of drugs to be attributed for a base offense level, the district court may consider other offenses than those underlying the offense of conviction as long as the offenses constitute relevant conduct as defined in the guidelines."[3]

Mitchell does not challenge the validity of the drug amounts set forth in the PSR or the district court's calculation of the amount of drugs for which he should be held responsible. Rather, he challenges the district court's authority to consider the information relied upon. For the reasons set forth above, Mitchell's arguments are without merit.

The district court committed no procedural error, and Mitchell has failed to demonstrate that his within-guidelines sentence is substantively unreasonable. Accordingly, the judgment is AFFIRMED.

---

[1] U.S.S.G. § 6B1.4(d), p.s.; *see also United States v. Garcia*, 907 F.2d 324, 326–27 (5th Cir. 1990).

[2] *See United States v. Alonzo*, 435 F.3d 551, 553 (5th Cir. 2006).

[3] *United States v. Culverhouse*, 507 F.3d 888, 895 (5th Cir. 2007).